**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL R. PEASE,** | ) | **CASE NO.1:09CR0258** |
| | ) | **1:17CV2305** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #27).  The Government filed a

Response in Opposition to Petitioner's Motion (ECF#29).  For the following reasons, the

Court denies Petitioner's Petition.

## FACTS

Petitioner was indicted on June 2, 2009 by a federal grand jury for Receipt and

Distribution of Visual Depictions Involving Real Minors Engaged in Sexually Explicit

Conduct, Receipt and Distribution of Child Pornography and  Possession of Child

1

Pornography.  Petitioner pled guilty to the Indictment and on February 25, 2010, the

Court sentenced Petitioner to a 156-month term of imprisonment on Counts One and

Two and a 120-month term of imprisonment on Count Three, to be served concurrently.

Petitioner filed a Notice of Appeal on March 3, 2010.  Petitioner then filed a Motion to

Voluntarily Dismiss the Appeal, which was granted by the Court of Appeals on April 1,

2010.

On October 30, 2017, Petitioner filed the instant Motion to Vacate, Set Aside or

Correct Sentence requesting a sentence reduction based on Sentencing Commission

Guideline Amendments.  On January 9, 2018, Respondent filed a Response in

Opposition to Petitioner's Motion.

## **STANDARD OF REVIEW**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief:

'(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory

limits; or (3) an error of fact or law that was so fundamental as to render the entire

proceeding invalid. '"  *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting

*Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## <u>ANALYSIS</u>

Petitioner argues that the November 1, 2016, amendments to the United States Sentencing Guidelines (Amendment 801) apply retroactively through 18 U.S.C. §3582(c)(2) to allow the Court to modify his 156 month sentence.   Under 18 U.S.C. §3582(c)(2):

> (c) The court may not modify a term of imprisonment once is has been imposed except that—
>> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant,…the court may reduce the term of imprisonment,…if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission.

United States Sentencing Guidelines Section 1B1.10 only permits the court to reduce the defendant's term of imprisonment as provided by § 3582(c)(2) if the guideline range applicable to the defendant has been subsequently lowered by an amendment listed in subsection (d) of the policy statement.  In this case, Amendment 801 is not listed and therefore, cannot be considered on collateral review.

Respondent correctly points out that Petitioner's Motion does not allege any grounds cognizable under Section 2255 and is time-barred.  Title 28 U.S.C. §2255(f)(1) imposes a one year statute of limitations on motions brought pursuant to this section. The statute begins to run on the date on which the Judgment became final.  Judgment was entered on March 2, 2010.  Petitioner filed a Notice of Appeal on March 3, 2010 and subsequently filed a Motion to Voluntarily Dismiss the Appeal, which was granted by the Court of Appeals on April 1, 2010.  The instant Motion was filed on October 30, 2017, over seven and one-half years after his Judgment was final.  The Court agrees

with Respondent that Petitioner's Motion is time-barred.

Therefore, for the foregoing reasons Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since the Court has determined  Petitioner's claims in his Motion to Vacate  are

meritless, Petitioner has failed to make a substantial showing that he was denied any

constitutional right.  Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.


February 14, 2018        s/Christopher A. Boyko
Date                               CHRISTOPHER A. BOYKO
                                       United States District Judge